[No. 28947-1-I.    Division One.    December 21, 1992.]

MANUEL GARCIA, ET AL, *Appellants*, v. RANDY LEE ALDRIDGE, ET AL, *Respondents*.

---

*Warren M. Gilbert* and *Gilbert & Meyer, Inc. P.S.,* for appellants.

*Sigurd B. Borgersen* and *Schwabe, Williamson & Wyatt,* for respondents.

WEBSTER, A.C.J. — On July 23, 1988, Margret Koetje delivered her automobile to Randy Aldridge's automobile renovation shop (R&D Detail) to have it cleaned. She then requested that Aldridge drive her to a friend's house so she could deliver several items she had in her car. After Aldridge dropped Koetje off he proceeded back to his shop in Koetje's car, at which point he became involved in an automobile accident.

Aldridge admitted liability (failure to yield the right of way). Manuel and Lourdes Garcia (Garcia) sued and recovered a judgment in the amount of $75,000 (their nephew had been driving the automobile hit by Aldridge). Aldridge, after his insurance paid its $25,000 limit, was served with a

writ of garnishment for the additional $50,000. Koetje's carrier and the respondent in this case (Aetna Insurance) responded to the writ by claiming it owed no money to Aldridge under the following exclusionary clause of its policy with Koetje:

We do not provide liability coverage:

. . . .

6. For any person while employed or otherwise engaged in the business or occupation of selling, repairing, servicing, storing or parking of vehicles designed for use mainly on public highways, including road testing and delivery.

A court commissioner found that the exclusion applied. Garcia moved for revision, which was denied by the superior court.

## DISCUSSION

Garcia claims the trip did not have a sufficient connection to Aldridge's business to invoke the exclusionary clause of the policy and allow Aetna to avoid liability, since Aldridge was using the vehicle at the request of the insured (Koetje) for her benefit and, therefore, Aldridge was outside the scope of his employment.[1] We disagree.

This issue was addressed in *Truck Ins. Exch. v. Aetna Cas. & Sur. Co.*, 13 Wn. App. 775, 538 P.2d 529, *review denied*, 86 Wn.2d 1001 (1975). The clause in *Truck Ins.* excluded liability while the automobile was being "used by any person while such person is employed or otherwise engaged in the automobile business". *Truck Ins.*, at 776. The court stated:

The purpose of [such] exclusionary clause[s] relating to the use of the automobile by persons engaged in the automobile business [is] to exclude from coverage risks occurring while the vehicle [is] being driven for any purpose by the garage owner or his employee, particularly where the vehicle [is] being driven in picking up or *delivering the vehicle to the owner pursuant to the performance of the repair work.* In interpreting the[se] . . .

---

[1] At oral argument before this court, Garcia's counsel claimed that Aetna, at the hearing below, conceded that Aldridge had no business purpose in driving the vehicle. However, the record before us on appeal contains no such "hearing record" and reveals that the only mention of the claimed concession appears in Garcia's own motion for revision of the commissioner's action.

clause[s], courts are not concerned with the way the service station or garage used the vehicle, but only whether it in fact was used at all.

(Citation omitted. Italics ours.) *Truck Ins.*, at 779-80.

Garcia attempts to distinguish *Truck Ins.* on the grounds it involved an accident occurring in the service bay while the vehicle was being serviced and that it concerned whether the vehicle was being "used" as defined in the policy. The *Truck Ins.* court found that the vehicle was being "maintained" as opposed to used and, since the exclusion did not include the word "maintained", the exclusion did not apply.

■ We disagree and find that once the bailment relationship exists between the owner of the car and the repairperson, and the "use" is in any way connected to the repairperson's business purpose, an exclusionary clause such as the one in this case is applicable.[2] We do not go as far as Aetna urges us and adopt the position that the purpose of the trip has no bearing on the exclusion. However, in this case, the bailment relationship clearly existed and Aldridge was well within the "scope" of his self-employed business purpose: he had no other reason to be driving the car except "pursuant to the performance" of his employment.[3]

The judgment is affirmed.

GROSSE, C.J., and BAKER, J., concur.

---

[2]Other jurisdictions, which have addressed circumstances where an automobile accident occurred when a repairperson was delivering or returning a customer's car pursuant to business, have held that the repairperson-driver was subject to an exclusionary clause which provided that coverage did not apply to the use of a motor vehicle by a person while employed or otherwise engaged in the automobile business. *See* Annot., *Who Is "Employed Or Engaged in the Automobile Business" Within Exclusionary Clause of Liability Policy*, 55 A.L.R.4th 261, 283 (1987) (§ 9 – Delivery or return of customer's vehicle for purpose of repairs), and the series of cases cited therein.

[3]Garcia also claims the exclusionary clause is ambiguous (and must be resolved in favor of the insured) since it is susceptible of more than one interpretation. We find no ambiguity here.